Michael J. Walleri (ABA #7906060)
GAZEWOOD & WEINER, PC
1008 16th Ave., Suite 200
Fairbanks, AK 99701
tel: (907) 452-5196
fax: (907) 456-7058
walleri@gci.net
Attorneys for Plaintiff Native Village of Chignik Lagoon

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| NATIVE VILLAGE OF CHIGNIK LAGOON, d/b/a CHIGNIK LAGOON VILLAGE COUNCIL<br><br>- PLAINTIFF,<br>vs.<br><br>ORION MARINE CONTRACTORS, INC., and LIBERTY MUTUAL GROUP, INC. d/b/a LIBERTY MUTUAL INSURANCE COMPANY.<br><br>- Defendants. | CASE NO._____<br><br>**COMPLAINT** |
|---|---|

COMES NOW, Plaintiff, NATIVE VILLAGE OF CHIGNIK LAGOON, d/b/a CHIGNIK LAGOON VILLAGE COUNCIL (hereinafter referred to as "Plaintiff" or "Tribe" or "Chignik Lagoon"), by and through undersigned counsel, hereby states and alleges as follows:

## INTRODUCTION

1. This is a complaint for money damages as the result of a breach of contract with respect to warranty and liquidated damages.

## THE PARTIES, JURISDICTION AND VENUE

2. Plaintiff, Native Village of Chignik Lagoon is a federally recognized Indian Tribe, and Alaska Native village located in the community of Chignik Lagoon, Alaska.

3. Chignik Lagoon Village Council is the governing body of Native Village of Chignik

Lagoon.

4. Defendant, Orion Marine Contractors, Inc., (hereinafter after referred to as "Orion") is corporation organized in the State of Delaware doing registered and doing business in Alaska.

5. Defendant, Liberty Mutual Group, Inc. d/b/a Liberty Mutual Insurance Company (hereinafter "Liberty Mutual") is a corporation organized in the State of Massachusetts engaged in the business of insurance in Alaska.

6. The Court has jurisdiction over the subject matter of this complaint under the terms of 28 USC §1331 (Federal Questions), and 28 USC §1362 (Indian Tribe Plaintiff) and 28 USC §1332 (Diversity; Amount in Controversy over seventy-five thousand dollars).

7. Venue of this matter is properly before the U.S. District Court for the District of Alaska in that the events giving rise to these claims occurred within Alaska.

## II. FACTS

8. Chignik Lagoon sought to construct and operate a hydroelectric facility to provide electricity to the community of Chignik Lagoon.

9. On or about May, 8, 2013, Chignik Lagoon issued an Invitation for Bid (IFB) for the construction of the Tribe's Packer's Creek Hydroelectric Project.

10. The Packers Creek Hydroelectric Project consists of the construction of 1,600' of road, 60' bridge, driveway and plant parking area; a 400 sf power plant building; 3,300' of intake access road; 3,260' of 16" and 18" diameter HDPE piping and Steel Penstock; a concrete intake; and 1,750' of overhead power-line and other associated work.

11. The IFB was prepared by the Tribe's contracted Engineering Firm (PND Engineers).

12. Orion submitted a bid in response to the IFB and was awarded the bid.

13. In August, 2013[1] the Tribe and Orion entered into an agreement for Orion to perform the specified construction at a $ 2,025,250.00 fixed price.

14. A true and accurate copy of the contract is attached as Exhibit A.

15. The contract between Orion and Tribe specified a substantial completion date of September 1, 2014

16. The contract between Orion and Tribe specified a final completion date of November 1, 2014.

17. The contract between Orion and Tribe contained a liquidated damage clause for delays in meeting the substantial/final completion dates.

18. The contract between Orion and Tribe contains warranty provisions (Section 12.7 of contract) which provides for discovery and notice of defects within 1 year after acceptance/placed in service in most cases.[2]

19. Orion obtained and posted a performance bond issued by Liberty Mutual in an amount of equal to the contract amount.

20. Orion's performance under the was materially delayed.

21. The actual substantial completion date for work under the contract was June 18, 2015.

22. The actual final completion date for work under the contract was January 22, 2016.

23. The power plant was put into service on August 17, 2015.

24. On February 16, 2016, (one month after final completion; six months after being placed in service) the Chignik Lagoon Tribal Administrator gave notice to Orion of

---

1 The signed agreement had blank spaces in the agreements preamble as the exact date of the agreement, and a blank space in the agreement's effective date block. These appear to be minor deficiencies which do not materially affect my assessment of the merits of the Tribe's claims.
2 There are other warranty provisions which may provide a longer notice of defect, which are not particularly relevant to the assessment of this claim.

defective work in an e-mail; specifically, alleging defective wiring connecting the intake sensor box.

25. The above referenced defect resulted in a shut down of the power generation of the facility, and as a result, the power plant service has not been continuous.

26. In 2016, Orion attempted to repair the defective wiring.

27. Orion's efforts to repair the defective wiring was unsuccessful.

28. Orion's unsuccessful efforts to repair the wiring uncovered additional defects in the construction associated with the hand holds in the area.

29. Orion did not remedy the defects.

30. On August 18, 2016, the Tribe made a final "warranty request", and advised Orion that "the Council intends to contract the repair work directly with a third party consultant and hold Orion responsible for all direct, indirect and consequential costs as allowed by Section 12.7 of the Contract General Conditions.

31. On November 2, 2016, Orion advised the tribe that the warranty time had expired and that the defect was not covered as to the "hand holds".

32. The power plant continues to experience service interruption due to the above referenced defects, including extended service interruption this last winter.

## COUNT I
## BREACH OF CONTRACT- LIQUIDATED DAMAGES

33. Orion failed to comply with the contract terms related to substantial and final completion.

34. As a result of Orion's failure to comply with substantial and final completion dates, the Tribe has sustained liquidated damages in the amount of $400,000.

## COUNT II

*Chignik Lagoon v Orion, et. al*
*Complaint* Page 4 of 6

Case 3:18-cv-00140-HRH   Document 1   Filed 06/18/18   Page 4 of 6

## BREACH OF CONTRACT- WARRANTY

35. Orion failed to remedy the defect after proper and timely notice of the defect by the Tribe.

36. Under the terms of the above referenced contract, the Tribe has the right to remedy the defects which Orion refused to remedy and look to Orion for the cost of such remedies.

37. The Tribe has or will sustain costs in repair of the defects in excess of $50,000.

38. Under the terms of the Contract, the Tribe is entitled to recover from Orion the costs of such repairs.

39. Under the terms of the Contract, the Tribe is entitled to recover from Orion the damages sustained a result of service interruptions caused by the unrepaired defects, in an amount to be proven at Trial.

## COUNT III
## BOND

40. As a result of Orion's failure to properly perform on the contract, Liberty Mutual is responsible to the Tribe for the sustained liquidated damages, damages to remedy warranty deficiencies, and the damages sustained by the consequent service interruptions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court to issue orders:

1. Awarding damages in amount in excess of $450,000 (the full amount to be proven at trial) in favor of the Tribe and against Orion and Liberty Mutual.

2. Award pre-judgment interest, costs and attorney fees in favor of the Tribe and against Orion and Liberty Mutual.

3. Such other relief as may be appropriate.

Respectfully submitted this 18th day of June, 2018

s// Michael J. Walleri

Michael J. Walleri (ABA #7906060)
GAZEWOOD & WEINER, PC
1008 16th Ave., Suite 200
Fairbanks, AK 99701
tel: (907) 452-5196
fax: (907) 456-7058
walleri@gci.net
Attorney for Native Village of Chignik Lagoon
d/b/a Chignik Lagoon Village Council
